IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:18CR10-12-RJC |
| | ) | |
| v. | ) | **FACTUAL BASIS** |
| | ) | |
| (12) STACY JAMES SMITH | ) | |
| | ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. From on or about August 1, 2016, and continuing to on or about May 15, 2018, within the Western District of North Carolina, and elsewhere, defendant Stacy James Smith ("Smith") and other persons engaged in a criminal conspiracy, as described in the Superseding Bill of Indictment (Document 112), to violate 18 U.S.C. § 1029(a)(5),[1] in violation of 18 U.S.C. § 1029(b)(2).

---

[1] This statute reads, pertinent in part, that whoever

> knowingly and with intent to defraud effects transactions with 1 or more access devices issued to another person or persons, to receive payment or any thing of value during any 1-year period the aggregate value of which being equal to or greater than $1,000....shall

violate this statute if the offense affects interstate or foreign commerce.

2. Smith and his co-conspirators, knowingly and with intent to defraud, operated an illegal scheme to effect transactions using access devices,[2] specifically, credit card numbers, issued to another person or persons so they could purchase, among other things, trailers, electronics, landscaping materials, construction materials and other things and services of value worth at least $1,000 during a 1-year period.

3. Smith was not involved in the criminal conspiracy during its entire duration, and his role will be discussed more fully at his sentencing.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
KENNETH M. SMITH
ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis and the Superseding Bill of Indictment in this case, and I have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis and the Superseding Bill of Indictment. I hereby certify that the defendant does not dispute this Factual Basis.

_____ DATE: 5/30/19
RENAE ALT-SUMMERS
DEFENSE COUNSEL

---

[2] The term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommuncations service, equipment or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

2