UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-00010-RJC-DSC

| | |
|---|---|
| USA ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| STACY JAMES SMITH (12) ) | |

**THIS MATTER** is before the Court on the defendant's Motion and Amended Motion to Stay Garnishment and Determine Restitution Amount, (Doc. Nos. 445, 450); the government's Response, (Doc. No. 447); defense counsel's Motion to Withdraw as Counsel, (Doc. No. 451); the government's Motion for Order of Continuing Garnishment, (Doc. No. 452); the defendant's Response, (Doc. No. 453); and related pleadings. Upon consideration of the entire record of this case, the Court will deny the defendant's challenges to the restitution Order, grant continuing garnishment, and grant leave to withdraw.

I. BACKGROUND

The defendant pled guilty to conspiring to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) and agreed to pay full restitution regardless of loss amount. (Doc. No. 112: Superseding Indictment at 5-6; Doc. No. 328: Plea Agreement at 1, 3; Doc. No. 330: Acceptance and Entry of Guilty Plea). At sentencing, he did not object to the Court's holding the issue of restitution open for 90 days given the complexity of multiple defendants in the case. (Doc. No. 358:

1

Judgment at 5). The government timely filed a Motion for Final Determination of Restitution, which was served on all counsel at their CM/ECF registered email addresses. (Doc. No. 361). Two co-defendants objected, (Doc. Nos. 362, 363), but this defendant did not. The Court subsequently issued an Order determining the defendant's restitution obligation and entered an Amended Judgment, both of which were served on his counsel at the CM/ECF registered email address. (Doc. No. 396: Order; Doc. No. 418: Amended Judgment). The defendant did not appeal.

The government then applied for a writ of continuing garnishment pursuant to 28 U.S.C. § 3205, (Doc. No. 434), which a magistrate judge issued, (Doc. No. 435). Prior to the answer of the garnishee, the defendant filed the instant Motion to Stay Garnishment and Determine Restitution Amount. (Doc. No. 445).

II. STANDARD OF REVIEW

Procedures for challenging a writ of garnishment are set out in the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., and are extremely limited. The judgment debtor may request a hearing within 20 days after receiving the required notice provided in the garnishment package. 28 U.S.C. § 3202(d). The issues at the hearing are strictly limited by statute to "the probable validity of any claim of exemption by the judgment debtor," "compliance with any statutory requirement for the issuance of the postjudgment remedy granted," or, in the case of a default judgment, the validity of the claim for debt merged in the judgment and existence of good cause for setting aside such judgment. 28 U.S.C. § 3202(d)(1)-(3).

The judgment debtor also may file written objections to the answer and request a hearing within 20 days after receipt of the answer. 28 U.S.C. § 3205(c)(5).

III. DISCUSSION

A. Motion to Stay Writ

The defendant does not raise any of the statutory defenses to the writ, but rather seeks to re-litigate the Court's restitution determination, claiming that counsel did not see the government's Motion for Final Determination of Restitution, that the government failed to provide restitution information to the defendant, and that the delay in deciding the government's motion violated the defendant's Due Process Rights. (Doc. No. 445: Motion at 7; Doc. No. 450: Amended Motion at 3). The government rightly notes that the defendant has not provided any legal authority for now challenging the restitution Order and Amended Judgment, which became final when they were not appealed. Accord United States v. Cohan, 798 F.3d 84, 89-90 (2d Cir. 2015) (final restitution order not at issue in proceeding to challenge writ of garnishment). Therefore, these claims are without merit.

B. Order of Garnishment

The government requests that the Court issue an order of continuing garnishment to enforce the restitution Order. (Doc. No. 452). The government has demonstrated its compliance with the statutory requirements, (Doc. No. 452: Motion at 2-3; Doc. No. 452-1: Ex. A; 452-2: Ex. B), and the garnishee has filed an Answer detailing subject funds in its custody, (Doc. No. 446). The defendant relies on the arguments the Motion and Amended Motion to stay addressed above and continues

3

to contest the merits of the restitution Order. (Doc. No. 453: Response at 1-2). Considering the defendant has not raised any of the statutory defenses, the Court finds the government is entitled to an order of continuing garnishment without a hearing.

    C.    Motion to Withdraw

Finally, counsel seeks leave to withdraw from further representation of the defendant, anticipating that he may file a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel, which would create a conflict of interest. (Doc. No. 451: Motion at 1-2). Counsel also requests appointment of new counsel to pursue his objections and pending motions. (Id.). Although there is no right to counsel in this collateral proceeding, Cohan, 798 F.3d at 89-90, the Court retains discretion to appoint counsel for a particular post-conviction motion, 18 U.S.C. § 3006A(c). In the circumstances of this case, the Court finds that appointment of counsel would aid the final resolution of the garnishment issue. Accordingly, the Court will grant counsel leave to withdraw and appoint new counsel for the limited purpose of appealing this Order.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

    1.    the defendant's Motion and Amended Motion to Stay Garnishment and Determine Restitution Amount, (Doc. Nos. 445, 450) are **DENIED**;

    2.    the government's Motion for Order of Continuing Order of Garnishment, (Doc. No. 452), is **GRANTED** and an Order of Continuing

Garnishment is hereby **ENTERED** in the amount of $252,644.08 computed through July 18, 2022. The garnishee shall pay the United States the lesser of (1) twenty-five percent of the defendant's disposable earnings which remain after all deductions required by law have been withheld, or (2) the amount by which the defendant's disposable earnings for each week exceed 30 times the federal minimum wage. See 15 U.S.C. § 1673(a). The garnishee shall continue payments until the debt to the plaintiff is paid in full or until the garnishee no longer has custody, possession or control of any property belonging to the defendant, or until further Order of this Court.

Payments should be made payable to the United States Clerk of Court and mailed to:

>Clerk of the United States District Court
>401 West Trade Street
>Charlotte, North Carolina 28202

In order to ensure that each payment is credited properly, the following should be included on each check: Court Number DNCW3:18CR10-12.

The garnishee will advise this Court if the defendant's employment is terminated at any time by the garnishee or the defendant.

The plaintiff will submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program, any federal payment the defendant would normally receive may be offset and applied to this debt; and

5

3. counsel's Motion to Withdraw, (Doc. No. 451), is **GRANTED** and the Federal Public Defender will designate new counsel promptly for the limited purpose of appealing this Order.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, the Federal Public Defender, the United States Attorney, the United States Probation Office, and the Financial Administration Unit of the Clerk's Office.

**SO ORDERED**.

Signed: January 11, 2023

Robert J. Conrad, Jr.
United States District Judge

6

Case 3:18-cr-00010-RJC-DSC   Document 454   Filed 01/11/23   Page 6 of 6